UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PIERRE ALFEGHALY    )
   *Plaintiff,*    )   Case No.: _____
          )
v.          )
          )
UBER TECHNOLOGIES, INC.; )
RAISER, LLC; and JAMES  )
RIVER INSURANCE    )
COMPANY,      )
   *Defendants.*   )

## COMPLAINT AND JURY DEMAND

## PARTIES

1. Plaintiff, Pierre Alfeghaly, is an individual who presently resides at 95 Angell St., Mansfield, Massachusetts.

2. Defendant, Uber Technologies, Inc., is a corporation organized and existing under the laws of the State of Delaware and maintains a primary place of business located at 1455 Market St #400, San Francisco, California.

3. Defendant, Raiser, LLC, is a limited liability company existing under the laws of the State of California and maintains a primary place of business located at 1455 Market St #400, San Francisco, California. Defendant, Raiser, LLC is a wholly owned subsidiary of Uber Technologies, Inc.

4. Defendant, James River Insurance Company, is a corporation organized and existing under the laws of the State of Ohio and maintains a primary place of business at 6641 W Broad St #300 Richmond, Virginia.

## JURISDICTION AND VENUE

5. Jurisdiction is the matter is proper under 28 U.S. Code § 1332, because the parties are diverse from one another and the amount in controversy exceeds $75,000.00.

6. Plaintiff is an individual domiciled in the Commonwealth of Massachusetts.

7. Defendant, Uber Technologies, Inc., is a corporation organized and existing under the laws of the State of Delaware and maintains a primary place of business in California.

8. Defendant, Raiser LLC, is a limited liability company existing under the laws of the state of California.

9. The amount in controversy in this matter, including property damage and medical expenses, exceeds $75,000.00, not including court interests and costs.

10. Venue is proper under 28 U.S. Code § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, in the judicial district encompassing the Federal District of Massachusetts.

## FACTS

11. Defendant, Uber Technology Inc., and their wholly owned subsidy, Raiser LLC, operated a transportation business.

12. The Plaintiff, was employed by and an agent of the Defendant, Uber Technologies, Inc./Raiser LLC., *inter alia*, within the meaning set forth in Mass. Gen. L c. 149 §148B, and c. 151.

13. Plaintiff served as a driver for and was furthering the interests of Uber Technologies, Inc./Raiser LLC.

14. Uber Technologies, Inc./Raiser LLC had a duty and obligation to provide underinsured motorist benefits for its servants, agents and employees.

15. Defendants had a legal duty to provide underinsured motorist benefits for its servants, agents and employees; and workers' compensation insurance coverage. See Mass. Gen. L. c. 175, sec. 228; Mass. Gen. L. c. 152, sec. 25A, respectively.

16. Uber Technologies, Inc./Raiser LLC represented and warranted that it would comply with Massachusetts law and provide its servants, agents and employees with adequate insurance benefits.

17. Defendant, James River Insurance Company insured Defendant, Uber Technologies Inc.'s, wholly owned subsidiary, Raiser LLC under a commercial auto insurance policy CA436200MA ("the Policy").

18. On December 17, 2017, Plaintiff was operating a motor vehicle on behalf of and furthering the interests of Uber Technologies, Inc./Raiser, LLC. with due care and in accordance with all traffic laws and regulations.

19. On December 17, 2017, Plaintiff was operating a motor vehicle on behalf of the Defendants while logged into the UberPartner Application when his vehicle was struck by a vehicle operated by an underinsured motorist.

20. The underinsured motorist caused and was legally responsible for the accident.

21. As a direct and proximate result of the collision, the Plaintiff sustained a severe concussion, head trauma, hearing loss, loss of smell and taste, upper extremity injuries, and lower extremity injuries. The Plaintiff has also developed post-traumatic stress disorder.

22. Plaintiff is entitled to receive underinsured motorist benefits from the Defendants.

23. Plaintiff submitted a claim made for underinsured motorist benefits to the Defendants and the claim was denied.

**COUNT I**
**DECLARATORY JUDGEMENT v. DEFENDANTS**

24. The Plaintiff restates, realleges and incorporates by reference each preceding paragraph of the Complaint as if specifically set forth herein.

25. An actual controversy exists regarding the rights and obligations of the parties under the applicable insurance policy, or policies.

26. Under 28 U.S. Code § 2201, this Court has jurisdiction to enter a declaratory judgment in this matter declaring the rights and obligations of the parties as requested.

27. This Court should determine and declare that Plaintiff is entitled to recover underinsured motorist and workers' compensation benefits from the Defendants.

**WHEREFORE**, the Plaintiff, respectfully request that judgment enter against the Defendants.

**COUNT II**
**BREACH OF CONTRACT v. DEFENDANTS**

28. The Plaintiff, restates, realleges, and incorporates by reference each preceding paragraph in this complaint as if specifically set forth herein.

29. Defendants contracted and agreed to provide underinsured motorist benefits to its agents, servants and employees, including the Plaintiff.

30. The Defendants breached its contractual obligations to the Plaintiffs by failing to provide coverage and failing to fully indemnify it for the loss as set forth under the policy.

31. As a direct and proximate result of the Defendant's breach, the Plaintiffs sustained damages.

**WHEREFORE**, the Plaintiff, respectfully request that judgment enter against the Defendants, in an amount that will adequately compensate it for its injuries and losses together with interests and costs and fees.

## COUNT III
## NEGLIGENCE v. DEFENDANTS

32. The Plaintiff, restates, realleges, and incorporates by reference each preceding paragraph in this complaint as if specifically set forth herein.

33. Defendants were obligated to provide underinsured motorist benefits to its agents, servants and employees, including the Plaintiff.

34. The Defendants breached its obligations to the Plaintiffs by failing to provide coverage and failing to fully indemnify him for his losses.

35. As a direct and proximate result of the Defendant's breach, the Plaintiff sustained damages.

**WHEREFORE**, the Plaintiff, respectfully request that judgment enter against the Defendants, in an amount that will adequately compensate it for its injuries and losses together with interests and costs and fees.

## COUNT IV
## BREACH OF THE IMPLIED COVENANT OF GOOD-FAITH AND FAIR DEALING
## v. DEFENDANTS

36. The Plaintiff restates, realleges and incorporates by reference each preceding Paragraph of the Complaint as if specifically set forth herein.

37. The Defendants owed and continues to owe Plaintiff a duty of good-faith and fair dealing to Plaintiff.

38. The conduct of the Defendants, as stated herein, breached its common law duty of good-faith and fair dealing.

39. As a direct and proximate result of Defendant's breach, Plaintiff has suffered and will continue to suffer substantial damages.

**WHEREFORE**, the Plaintiff, respectfully request that judgment enter against the Defendants, in an amount that will adequately compensate it for its injuries and losses together with interests and costs and fees.

1647319.1

## COUNT V
## VIOLATION OF G.L. c. 93A v. DEFENDANTS

40. Plaintiff repeats and incorporates by reference each preceding paragraph of the Complaint as if set forth herein.

41. Defendants are engaged in business within the Commonwealth of Massachusetts.

42. Defendants engaged in unfair or deceptive acts or practices within the meaning of Massachusetts General Laws Chapter 93A, including, but not limited to, the following:

   a. Failing to provide underinsured motorist and workers' compensation benefits to the plaintiff;
   b. Refusing to pay the claim without conducting a reasonable investigation based upon all available information;
   c. Refusing to make a timely and reasonable good faith offer of settlement;
   d. Failing to effectuate prompt, fair and equitable settlement of a claim in which liability has become reasonably clear; and
   e. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

43. On July 29, 2020, Plaintiff, by and through her attorneys, sent a written demand for relief pursuant to Massachusetts General Laws Chapter 93A via certified mail and electronic mail to Defendants.

44. Defendants rejected Plaintiff's Chapter 93A demand.

45. As a result of Defendants' actions, inactions, and violations of G.L. c. 93A, Plaintiff has suffered damages, including monetary damages, emotional distress, and other damages.

   **WHEREFORE**, Plaintiff demands that judgment be entered on her behalf against Defendants and that treble damages be ordered, plus interest, costs, and attorneys' fees and all other amounts which are recoverable by law.

## COUNT VI
## VIOLATION OF G.L. c. 149 § 148B v. DEFENDANTS

46. Plaintiff repeats and incorporates by reference each preceding paragraph of the Complaint as if set forth herein.

47. At the time of the accident Plaintiff was employed by Uber and Raiser LLC as a driver.

48. Defendants have misclassified their drivers in Massachusetts as independent contractors, in violation of Massachusetts General Laws Chapter 149 § 148B and Chapter 151.

**WHEREFORE**, the Plaintiff, respectfully request that judgment enter against the Defendants, in an amount that will adequately compensate it for its injuries and losses together with interests and costs and fees.

## COUNT VII
## VIOLATION OF G.L. c. 152 v. DEFENDANTS

49. Plaintiff repeats and incorporates by reference each preceding paragraph of the Complaint as if set forth herein.

50. At the time of the accident Plaintiff was employed by Uber and Raiser LLC as a driver.

51. Uber and Raiser LLC exercised control of the Plaintiff's driver performance, ride fares, and compensation.

52. As Plaintiff was an employee of Uber and Raiser LLC he is entitled to workers compensation benefits under G.L. c. 152.

53. Defendants are required to provide Plaintiff workers compensation benefits under G.L. c. 152.

54. Defendants did not provide Plaintiff worker's compensation benefits to account for his significant personal injuries.

**WHEREFORE**, the Plaintiff, respectfully request that judgment enter against the Defendants, in an amount that will adequately compensate it for its injuries and losses together with interests and costs and fees.

## DEMANDS FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests the Court:

1. Enter a declaratory judgement that Defendant's, Uber Technology Inc./Raiser LLC and James River Insurance Company erred in denying coverage under the terms of the Policy and the damage sustained by Plaintiffs are covered under the terms of the Policy;

2. Enter a judgement in favor of the Plaintiff on all counts prayed herein;

3. Award Plaintiffs courts and reasonable attorneys' fees; and

4. Fashion such other and further relief as the Court deems just and proper.

1647319.1

**JURY DEMAND**

Plaintiffs hereby request a trial by jury on all claims so triable.

Respectfully submitted,
Plaintiff,
By his attorneys

John A. Donovan, III BBO# 631110
Nicholas A. Rossini BBO# 705835
Sloane and Walsh, LLP
One Boston Place, Suite 1600
201 Washington Street
Boston, MA 02108
617-523-6010
jdonovan@sloanewalsh.com
nrossini@sloanewalsh.com

DATED: September 9, 2020

1647319.1